I,JOHN D. SAUNDERS, J.,
dissenting.
Because the majority has determined that the deed of sale transferring ownership created a personal obligation between the Martinezes and the Broussards, they reverse. I find that the trial court properly concluded that the deed created a real obligation. Accordingly, I respectfully dissent.
The deed between the Martinezes and the Broussards contains very specific language. In pertinent part, the deed states “It being duly understood and agreed that no pump and/or pumps may be placed on said property without the payment of one and one half cents per gallon of every gallon of gasoline sold from said property unto Vendors their heirs or assigns.” (Emphasis Added). The majority concludes that this language does not constitute an obligation that attaches to the land. I disagree.
I find that the language referring to “said property” and “Vendors their heirs or assigns” demonstrates that the parties intended to create a real obligation. To interpret otherwise would render the reservation meaningless. If the vendors had intended this to be merely a personal right as opposed to a real right, the reservation would be unenforceable as a practical matter. As the trial court correctly observed, if one is to conclude that this was a personal obligation, a subsequent sale of the property would have had one of the following effects: (1) the right of the Martinezes to collect the gallonage charge would end even if the subsequent sale occurred on the same day the | ^Martinezes sold to the Broussards; or (2) the Broussards would remain liable for the gallonage charge even though they no longer own the property. These results are illogical and could not have been reasonably contemplated by the parties to the agreement.
Therefore, the only reasonable interpretation of the agreement is that the owner of the property or any subsequent owner, owed the Martinezes the gallonage charge on all gasoline sold from the property. Thus, I find that a real obligation was created and it is enforceable against the Defendants.
Moreover, although the defendants allege they had no knowledge of this obligation, the record suggests otherwise. Following the sale by the Martinezes to the Broussards, in 1993, the Broussards sold the property to Ossun Market Villa, Inc. who in turn sold the property to the Defendants. The record reflects that Os-sun Market Villa, Inc. honored the reservation clause without the requirement that the clause be inserted in the sale. I find that the honoring of the reservation clause by Ossun Market Villa, Inc. weakens the Defendant’s argument that it was unaware of this real obligation when purchasing the *428 property. Furthermore, even if the Defendant indeed was unaware of the reservation clause, it should have been. Because the reservation clause creating this real obligation was in the deed of sale transferring ownership of immovable property, it was in the chain of title, and it is incumbent on the Defendant to research this chain of title. Thus, the argument that it had no knowledge of this reservation is not only hard to accept but immaterial.
For the reasons stated, I cannot say that the trial court erred as a matter of law in ruling that this was a real obligation enforceable against the Defendant. Therefore, I respectfully dissent.